[No. 34620.   Department One.   January 2, 1959.]

BURTON ROUTH, *Respondent*, v. RAY WAGNER *et al.*,
*Appellants.*[1]

[1]Reported in 333 P. (2d) 674.

*Clarke, Clarke, Albertson & Bovingdon*, for appellants.
*Joe McAdams*, for respondent.

FINLEY, J.—Burton Routh, the plaintiff, was engaged in the business of making repairs to and installing refrigeration equipment. Ray L. Wagner (hereinafter referred to as if he were the sole defendant) was the local manager, acting agent and adjuster for General Adjustment Bureau, Inc., at Moses Lake, Washington.

On January 4, 1956, a fire occurred at the Hub Cafe in the city of Moses Lake. Defendant was notified that two of the insurance companies for which he adjusted losses held the fire insurance on the Hub Cafe. Included in the coverage was insurance against loss from business interruption, which meant that for as long as the Hub Cafe was not operating the insurance companies could incur liability for loss under the particular coverage. Consequently, it would be to the advantage of the insurers for the fire damage to be repaired as quickly as possible, and the cafe placed back into operation promptly.

On the morning of the fire, the defendant went to the Hub Cafe. At the time, the plaintiff subcontractor was also at the cafe and was conversing with a Mr. Harvey Yager, who was the general contractor employed to repair the fire damage to the cafe. In response to a request by Mr. Yager, the plaintiff submitted a bid for the repair of the

refrigeration equipment. Both Mr. Yager and the defendant indicated their views that this bid was too high, and the defendant requested plaintiff to submit another bid.

On the day following the fire, plaintiff went to the defendant's office and submitted a lower bid. This met with the approval of the defendant, and he requested that the plaintiff begin work immediately. Further, the defendant urged the plaintiff to complete the work as soon as possible, because he, the defendant, was interested in getting the cafe back into operation.

The plaintiff was aware during the above transactions that the defendant was an insurance adjuster; however, defendant never divulged the names of the companies he represented. And there is no dispute that the defendant failed to get authority from the insurance companies before he proceeded to have the cafe repaired. Subsequently, the insurance companies denied liability on this loss.

Plaintiff brought this action for the value of the work, labor, and materials, which he expended in repairing the refrigeration system. There is no dispute as to the reasonable value of the plaintiff's services.

The trial court found that the plaintiff did the work at the special instance and request of the defendant. Judgment was entered in favor of the plaintiff. Defendant appeals.

■ Appellant makes seven assignments of error. Five of these are argued under one heading; namely, that there was no evidence that the respondent performed the work at the special instance and request of the appellant. The trial court found to the contrary, and there is substantial evidence in the record to support its finding.

After the respondent submitted his initial bid to Yager and it was rejected by appellant, the respondent dealt directly with the appellant. It was the appellant who requested him to continue the work, and who urged him to proceed with it as rapidly as possible.

■ In procuring the respondent to do the work, the appellant acted without authority given to him by the insurance companies. In 2 Am. Jur. 250, § 319, it is stated that

"It is well settled that an agent who exceeds his authority, so that his principal is not bound, will himself be liable for the damage occasioned to the other contracting party."

By his last two assignments of error, the appellant contends that, even if he did authorize the work, his action constituted a promise to pay for the debt of another. He argues that since this promise was not in writing it was void under the statute of frauds.

We are of the opinion that there is no merit in these two assignments. As the trial court pointed out in its oral opinion, this was an original undertaking by the appellant. He proceeded on his own volition to have the fire damage repaired and the cafe back into operation. In so doing, he made himself liable to the respondent as a principal.

As to the liability of the other appellant, General Adjustment Bureau, Inc., the trial court by its finding of fact No. 3 found:

"That at all times material to the above entitled cause, Defendant, Ray L. Wagner was acting individually and also as the authorized agent of Defendant, General Adjustment Bureau, Inc. and within the scope of his employment by said General Adjustment Bureau, Inc.; . . ."

No error is assigned to this finding, and it becomes an established fact of the case.

The judgment should be affirmed. It is so ordered.

HILL, C. J., MALLERY, FOSTER, and HUNTER, JJ., concur.